# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ASSOCIATED ACCEPTANCE, INC.,** | § | |
| **d/b/a Associates Insurance Services,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **BRETT G. MOORE,** | § | **SA-08-CV-0481 HLH** |
| | § | |
| **Defendant.** | § | |

## ORDER REGARDING ORAL DEPOSITION OF LARRY KAILOR

The matter before the Court is plaintiff's motion for leave to take oral deposition, defendant's response in opposition and plaintiff's reply (docket entries 84, 87 and 88). This motion was referred to me for disposition (docket entry 85).

A hearing on the motion was held this date. The motion for leave was premised on F.R.Civ.P. 30(a)(2)(A)(iii). Because the scheduling of the deposition did not precede the Rule 26(f) conference – the situation addressed in Rule 30(a)(2)(A)(iii) – the motion for leave is unnecessary. However, in the interests of justice I have construed the defendant's opposition to the motion for leave as seeking a protective order under Rule 26(c) to forbid or quash the deposition notice.

After hearing the arguments of the parties, I conclude that the information sought through the deposition is reasonably calculated to lead to the discovery of admissible evidence. F.R.Civ.P. 26(b)(1). Mr. Kailor's testimony concerning his business relationship with defendant 20 years ago may be relevant to issues of defendant's intent and motive in his relationship and the events surrounding the deterioration of that relationship with plaintiff. Rule 26(b)(1)

provides that information need not be admissible to be discoverable. Defendant forcefully argues that the Court may eventually determine that Kailor's testimony is inadmissible. However, that is not a reason to prohibit discovery of the information.

Finding that the information sought through this deposition is discoverable and finding no reason justifying protection, IT IS ORDERED that defendant's request for protective order with respect to the proposed deposition is DENIED.

The parties are reminded that the discovery deadline is 9/30/09.

**SIGNED** on September 3, 2009.


NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE